956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Curtis Robert RICHMOND, aka "C.R"; Barbara Young
Richmond, Debtors.
Curtis Robert RICHMOND, aka "C.R."; Barbara Young Richmond,
Appellants,
v.
Julius J. PEARL, Trustee in Bankruptcy, Appellee.
 No. 90-55850.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided Feb. 14, 1992.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, BAP No. SC-88-1573-RPAs; Russell, Perris, and Ashland, Judges, Presiding.
 BAP
 AFFIRMED.
 Before: BRUNETTI, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Curtis Robert Richmond and Barbara Young Richmond appeal the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's denial of an extension of time to file a notice of appeal. Because we conclude that appellants have not demonstrated "excusable neglect," we affirm.
 
 
 3
 * The Richmonds sought protection from their creditors under Chapter 7 of the Bankruptcy Code. The bankruptcy trustee, Julius Pearl, filed a complaint against the Richmonds seeking to set aside an allegedly fraudulent conveyance. The trustee prevailed at trial and was ordered to prepare the judgment.
 
 
 4
 On April 1, 1988, the Richmonds' counsel reviewed and signed the proposed judgment drafted by the trustee. On that same day, the trustee submitted the proposed judgment to the court, the bankruptcy judge signed the judgment, and it was filed and entered. The Richmonds contend that neither they nor their attorney were ever notified by the clerk of the bankruptcy court that judgment had been entered.
 
 
 5
 On April 14, 1988, the Richmonds' attorney sent a letter to the trustee's attorney asking if judgment had been entered, but received no response. On April 29, 1988, the Richmonds' attorney checked the bankruptcy court docket and discovered that judgment had been entered. On May 2, 1988, the Richmonds filed a notice of appeal and an ex parte motion for leave to file an appeal. The bankruptcy court denied the motion and the Richmonds appealed to the Bankruptcy Appellate Panel, which affirmed the bankruptcy court. The Richmonds timely appealed to this court.
 
 II
 
 6
 We review a decision of the bankruptcy court to deny a motion to extend the time in which to file an appeal for an abuse of discretion. Headlee v. Ferrous Fin. Serv. (In re Estate of Butler's Tire & Battery Co.), 592 F.2d 1028, 1032-33 (9th Cir.1979). "A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision." United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990).
 
 III
 
 7
 Under the bankruptcy rules, "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment ... appealed from." Bankr.R. 8002(a). During the twenty days following such ten-day period, however, a party may request an extension of the time for filing a notice of appeal "upon a showing of excusable neglect." Bankr.R. 8002(c). The Richmonds failed to file their notice of appeal during the first ten days following entry of judgment, but did file within the following twenty-day period.[1] Hence, the question on this appeal is whether the Richmonds have shown "excusable neglect."[2]
 
 
 8
 The Richmonds claim that their neglect to timely file an appeal was excusable because of the failure of the clerk to notify them of the entry of judgment. "[W]e strictly enforce [Rule 8002's] time provisions." Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir.1990). "The failure of the clerk to give notice is not a ground, by itself, for a finding of excusable neglect, but is a factor to be considered along with other circumstances." Zurich Ins. Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir.1988);[3] accord Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc). "A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time." Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986).
 
 
 9
 Here, counsel for the Richmonds signed the judgment on April 1, 1988. From that day forward, counsel knew that judgment could be entered at any time. Under these circumstances, counsel's failure to check the docket for nearly a month was not consistent with the duty of parties to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193 (9th Cir.1990).
 
 
 10
 The Richmonds contend that other circumstances indicate excusable neglect, such as the fact that the bankruptcy court allegedly would not answer telephone inquiries as to whether judgment had been entered, that the judgment allegedly did not have the parties' names and addresses attached as required by local rule, that the bankruptcy court allegedly is sometimes slow to enter judgment, and that the attorney for the Richmonds attempted to learn of the judgment from the trustee's attorney. Even if true, none of these circumstances negate the simple fact that the Richmonds failed to check the docket in their case, knowing full well that judgment could be entered at any time after counsel signed the judgment.
 
 IV
 
 11
 The bankruptcy court did not abuse its discretion in denying the Richmonds' motion to extend the period for filing a notice of appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Under Bankruptcy Rule 9006(a), if the last day of a time period prescribed under the bankruptcy rules falls on a weekend or holiday, as it did here, the period runs until the end of the day of the next working day
 
 
 [2]
 In a supplemental filing, pro se litigant Curtis Richmond argues "that [Fed.R.Civ.P.] 60(b) should be applied to this case." A motion for relief from the bankruptcy court's order under Rule 60(b) (as applied to the bankruptcy court by Bankr.R. 9024) would have properly been brought before that court
 
 
 [3]
 Although Zurich Insurance concerns whether a party has shown "excusable neglect" under Federal Rule of Appellate Procedure 4(a), Bankruptcy Rule 8002 is based on such rule. Advisory Comm. Note to Bankr.Rule 8002. Courts in this circuit construe Bankruptcy Rule 8002 by reference to cases interpreting Federal Rule of Appellate Procedure 4(a). See Slimick, 928 F.2d at 309-10; Miyao v. Kuntz (In re Sweet Transfer & Storage Co.), 896 F.2d 1189, 1192 (9th Cir.1990)