978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Klaus W. LEHMANN, Debtor,
Klaus W. LEHMANN; Leonard Thomas Bradt, Appellants,
v.
WELLS FARGO CREDIT CORPORATION, Appellee.
 No. 92-15629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Klaus W. Lehmann and Leonard T. Bradt, appeal the Bankruptcy Appellate Panel's ("BAP") dismissal of their appeal from the bankruptcy court's judgment as untimely. We have jurisdiction under 28 U.S.C. § 1293, and we affirm.
 
 
 3
 Timeliness of a notice of appeal is a question of law which we review de novo. In re Kincaid, 917 F.2d 1162, 1164 (9th Cir.1990).
 
 
 4
 The untimely filing of a notice of appeal deprives the BAP of jurisdiction to hear the appeal. Slimick v. Silva (In re Slimick ), 928 F.2d 304, 306 (9th Cir.1990); In re Souza, 795 F.2d 855, 857 (9th Cir.1986). A "notice of appeal shall be filed with the Clerk within 10 days of the date of entry of the judgment ... appealed from." Bank.R. 8002(a); In re Slimick, 928 F.2d at 306. During the twenty days following the ten-day period, however, a party may request an extension of time for filing a notice of appeal upon a showing of excusable neglect. Bank.R. 8002(c). In re Slimick, 928 F.2d at 306. "Although rule 8002 ... incorporates some flexibility, we strictly enforce its time provisions." In Re Slimick, 928 F.2d at 306.
 
 
 5
 Parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193, (9th Cir.1990). Therefore, the failure of a court clerk to give notice of a judgment is not a ground, by itself, to establish excusable neglect or warrant an extension of time for filing the notice of appeal. Zurich Insurance Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir.1988); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986).
 
 
 6
 Here, the bankruptcy court's final judgment was entered on October 14, 1991. Lehmann and Bradt had ten days from that date in which to file their notice of appeal. Lehmann and Bradt contend that they did not file their notice of appeal or a motion to extend the time for such filing within the ten-day time period because they were not notified by the bankruptcy court clerk of the October 15th judgment. Although the motion to extend the time for filing the notice of appeal was granted, the bankruptcy court extended the time for filing the notice of appeal only until November 2, 1991. Lehmann and Bradt did not file their notice of appeal until December 4, 1991, well beyond the thirty-day total time permitted under rule 8002(c) for the filing of a notice of appeal. See Bank.R. 8002(c).
 
 
 7
 Accordingly, the BAP did not err by dismissing their appeal as untimely. See Slimick, 928 F.2d at 310.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3