981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Don Byron REILLY; Mary Lou Reilly, Debtors.
Don Byron REILLY; Mary Lou Reilly, Appellants,
v.
Bruce HUSSEY, Appellee.
 No. 92-35410.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 24, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Byron Reilly and Mary Lou Reilly appeal pro se the Bankruptcy Appellate Panel's (BAP) order dismissing their appeal from a bankruptcy court order as untimely. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.
 
 
 3
 The bankruptcy court's order discharging the Reilly's as debtors, dated October 4, 1991, was entered on the docket on October 10, 1991. On October 21, 1991, the Reillys filed a motion for reconsideration. This motion was timely under Bankr.R. 9023 because the motion was served on October 15, 1991, or within ten days after entry of the bankruptcy court's order.[1]
 
 
 4
 On October 16, 1991, the Reillys filed a notice of appeal from the bankruptcy court's October 10 order. This notice of appeal had no effect because the bankruptcy court had not yet disposed of the Reillys' motion for reconsideration. See Bankr.R. 8002(b); Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1191 (9th Cir.1990).
 
 
 5
 The bankruptcy court denied the Reillys' motion for reconsideration on January 21, 1992. The Reilly's were required to file a new notice of appeal within ten days after entry of that order. See Bankr.R. 8002(b); Miyao, 896 F.2d at 1191. Because the Reillys failed to do so, the BAP lacked jurisdiction over their appeal. See Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir.1990) ("[t]he untimely filing of a notice of appeal is jurisdictional"). Therefore, the BAP did not err by dismissing the Reillys' appeal.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 9023 provides that Fed.R.Civ.P. 59 is applicable in cases under the Bankruptcy Code. Under Rule 59, a motion for reconsideration must be served within ten days after entry of the challenged judgment. See Fed.R.Civ.P. 59(e); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991) (motion for reconsideration may be brought under either Rule 59(e) or 60(b))
 
 
 [2]
 In light of our decision, we deny all pending motions and requests as moot