995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert L. DENNIE; Dolly M. Dennie, Debtors,
Robert L. DENNIE; Dolly M. Dennie, Appellants,
v.
ITT CONSUMER FINANCIAL CORPORATION; Title Insurance Company
of Minnesota, Appellees.
 No. 92-16746.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debtors Robert and Dolly Dennie appeal pro se the Bankruptcy Appellate Panel's (BAP) dismissal of their appeal from the bankruptcy court's decision for failure to file a timely notice of appeal. We have jurisdiction over appeals from final orders of the BAP under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 The filing of an untimely notice of appeal deprives the BAP of jurisdiction to hear the appeal. Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir.1990). Bankruptcy Rule 8002(a) provides that the notice of appeal from an order of a bankruptcy court must be filed within 10 days of the entry of the order. Bankr.R. 8002(a). "Although Rule 8002 ... incorporates some flexibility, we strictly enforce its time provisions." In re Slimick, 928 F.2d at 306. Rule 8002(b) provides in relevant part that if a timely motion to alter or amend the bankruptcy court's judgment is filed, a notice of appeal filed with the BAP before disposition of the motion shall have no effect and a new notice of appeal must be filed. Bankr.R. 8002(b); Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1192 (9th Cir.1990).
 
 
 4
 Here, the bankruptcy court entered judgment on April 2, 1992. On April 8, 1992, defendant ITT Consumer Financial Corporation (ITT) filed a motion to amend the judgment. On April 13, 1992, the Dennies filed a notice of appeal with the BAP from the April 2, 1992 judgment. On April 15, 1992, the bankruptcy court entered an amended judgment pursuant to ITT's motion to amend. On May 21, 1992, the BAP entered a Conditional Order of Dismissal stating that the Dennies' appeal would be dismissed unless within twenty days of the date of the order they filed a response showing that their notice of appeal was not prematurely filed. The Dennies failed to respond the Conditional Order of Dismissal, and the BAP dismissed the appeal on September 2, 1992 for failure to prosecute. On September 10, 1992, the Dennies filed a motion for rehearing and for relief from the BAP's order of dismissal. On September 15, 1992, the Dennies filed a new notice of appeal from the bankruptcy court's amended judgment. On October 5, 1992, the BAP denied the Dennies' motions for rehearing and relief from dismissal, and amended its September 2, 1992 order to read that the Dennie's appeal is dismissed for lack of jurisdiction rather than for failure to prosecute.
 
 
 5
 The Dennies had ten days to file a notice of appeal from the bankruptcy court's amended judgment entered on April 15, 1992. Bankr.R. 8002(a). The Dennies failed to do so. The notice of appeal filed prior to entry of the amended judgment was of no effect because ITT's motion to amend the judgment was pending at that time. Bankr.R. 8002(b). Despite the Dennies' pro se status, they were required to abide by bankruptcy court rules. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (even pro se litigants must abide by the rules of the court in which they litigate). Accordingly, the BAP did not err by dismissing the appeal for lack of jurisdiction. See Bankr.R. 8002(a); In re Slimick, 928 F.2d at 306.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3