37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In Re: B. K. CRUEY, Debtor.
B. K. CRUEY, Plaintiff-Appellant,
v.
Essie S. ROZICH, Defendant-Appellee.
 No. 93-2594.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: October 18, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-93-615-R, BK-90-1822)
 B. K. Cruey, Roanoke, Virginia, for Appellant.
 Diana M. Perkinson, Perkinson & Perkinson, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 B. K. Cruey, an attorney licensed to practice in Virginia and who regularly appears before the bankruptcy court, appeals from the district court's order affirming the bankruptcy court's decision. Cruey argues that the district court erred in affirming the bankruptcy court's order because the bankruptcy court abused its discretion in denying his motion for an extension of time to appeal. Finding no abuse, we affirm the district court's order.
 
 
 2
 * After Cruey filed for bankruptcy protection under Chapter 7 of the Federal Bankruptcy Code, his former wife, Essie S. Rozich, filed a complaint to deny discharge of his debt to his children pursuant to 11 U.S.C.A. Sec. 523(a) (West 1993). At a trial on April 22, 1992, the bankruptcy court found that Cruey's debt for the payment of the cost of his children's college education was in the nature of child support and was, therefore, nondischargeable.
 
 
 3
 The court directed Rozich's counsel to draft an order incorporating the court's decision. Because counsel failed to submit a proposed order, the bankruptcy court scheduled a show cause hearing for August 11, 1992. Subsequently, Rozich's counsel drafted an order which Cruey endorsed. The bankruptcy court entered the order on August 5, 1992, noting that the show cause hearing was dismissed. The order was docketed on August 7, 1992, and the clerk mailed a copy to Cruey individually on August 7, 1992.
 
 
 4
 On August 11, 1992, while before the bankruptcy court, Cruey inquired into the status of his case. The judge informed him that the show cause hearing had been dismissed and that the court "believed" that an order had been entered on August 7, 1992.
 
 
 5
 Cruey failed to file a timely appeal. Instead, on August 26, 1992, he moved for an extension of time to appeal.* After a hearing, the bankruptcy court held that Cruey had failed to establish excusable neglect and denied his motion. Cruey appealed to the district court. The district court affirmed.
 
 
 6
 On appeal, Cruey argues that excusable neglect exists because Rozich's attorney failed to timely submit the order, the order was sent to his former counsel even though counsel had withdrawn, he attempted to monitor when the order was entered, and he did not receive the order.
 
 II
 
 7
 Reviewing the denial of Cruey's motion for extension of time to file a notice of appeal for an abuse of discretion, see Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.), 808 F.2d 1249, 1251 (7th Cir.1987); see also Headlee v. Ferrous Fin. Serv. (In re Estate of Butler's Tire & Battery Co., Inc.), 592 F.2d 1028, 1032-33 (9th Cir.1979), we affirm.
 
 
 8
 The bankruptcy court denied Cruey's motion, holding that Cruey had failed to establish excusable neglect as to warrant an extension. Whether neglect should be considered "excusable" is an equitable determination. Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 61 U.S.L.W. 4263, 4266 (U.S.1993) (discussing issue of excusable neglect in context of filing of proof of claim under Fed. R. Bankr.P. 9006(b)(1)). We review the court's determination on the issue of excusable neglect for an abuse of discretion. Eck v. Dodge Chemical Co. (In re: Power Recovery Sys, Inc.), 950 F.2d 798, 801 (1st Cir.1991).
 
 
 9
 The court did not abuse its discretion. The court properly considered: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceeding, (3) the reasons for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. See Pioneer, 61 U.S.L.W. at 4268.
 
 
 10
 Cruey, an attorney who regularly practices before the bankruptcy court, had endorsed the order and the decision had been announced by the bankruptcy court on August 11, 1992. Under these circumstances, Cruey could have filed his notice of appeal immediately after the August 11 hearing, regardless of whether the order had been entered. Fed. B. Bankr.P. 8002(a). Furthermore, Cruey had an independent duty to keep informed, and his contention that the clerk failed to inform him of the entry of final judgment is not grounds, in and of itself, for excusable neglect. Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193 (9th Cir.1990).
 
 
 11
 Because the bankruptcy court did not abuse its discretion in determining that Cruey had failed to establish excusable neglect and in denying Cruey's motion for an extension of time to appeal, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Under the Bankruptcy Rules, a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment ... appealed from." Fed. R. Bankr.P. 8002(a). During the twenty days following such ten-day period, a party may request an extension of the time for filing a notice of appeal "upon a showing of excusable neglect." Fed. R. Bankr.P. 8002(c)