48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 DAVID P. SWEENEY, Appellant,
v.
GREAT WESTERN BANK, Appellee.
 No. 94-55902.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David P. Sweeney appeals pro se the district court's order affirming the bankruptcy court's denial of Sweeney's Fed.R.Civ.P. 60(b)[1] motion to vacate the bankruptcy court's prior order annulling the automatic stay and imposing sanctions. The annulment of the stay validated a foreclosure sale conducted by Great Western Bank ("Great Western") on property that Sweeney had mortgaged. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 Sweeney's motion was brought pursuant to Fed.R.Civ.P. 60(b)(3). Under Rule 60(b)(3), the court may grant relief from judgment for fraud or other misconduct of an adverse party. Lafarge Conseils et Etudes v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1337-38 (9th Cir.1986). We review the denial of a Rule 60(b) motion for abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). "An appeal from the denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 4
 Rule 60(b)(3) requires that a party seeking relief file a motion within a reasonable amount of time, but requires that such a motion be made no later than one year from the judgment to which the motion refers. Sweeney contends that the bankruptcy court erred in deciding that his Rule 60(b)(3) motion was not filed within a reasonable time. This contention lacks merit.
 
 
 5
 Sweeney has failed to show how the bankruptcy court abused its discretion by deciding that his Rule 60(b)(3) was not filed within a reasonable time. The bankruptcy court entered its annulment order on December 30, 1992. As early as January 28, 1993, Sweeney had notice that the order annulling the automatic stay was entered.[2] Sweeney waited until October 18, 1993 to file his Rule 60(b)(3) motion. The fact that Sweeney was involved in other litigation does not provide him with an adequate justification for waiting over ten months to file his Rule 60(b)(3) motion. Under these circumstances, the bankruptcy court did not abuse its discretion by denying Sweeney's motion.[3] See Molloy, 878 F.2d at 315.
 
 
 6
 Sweeney also contends that the bankruptcy court erred in imposing sanctions in the amount of $2,012.50 pursuant to Fed.R.Bankr.P. 9011. This contention lacks merit.
 
 
 7
 We review the imposition of sanctions pursuant to Rule 9011 for abuse of discretion. Valley Nat'l Bank of Arizona v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir.), cert. denied, 112 S.Ct. 94 (1991). Under Rule 9011, a bankruptcy court may impose sanctions if a party's pleading or paper is filed for an improper purpose, or if the pleading is frivolous. Marsch v. Marsch (In re Marsch), 36 F.3d 825, 829 (9th Cir.1994). "[B]ankruptcy courts must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." Id. at 830 (emphasis in original).
 
 
 8
 The bankruptcy court correctly held that Sweeney's pleadings were frivolous and filed for an improper purpose. The bankruptcy court determined that Sweeney (1) untimely filed his Rule 60(b)(3) motion; (2) failed to set forth any evidence to justify the late filing; (3) filed his bankruptcy petition in bad faith; (4) failed to comply with his fiduciary duties to his creditors; (5) abused the bankruptcy court and the bankruptcy process; (6) and prevented Great Western from possession of the subject property for over two and one-half years without making any payment. Sweeney has failed to set forth any persuasive arguments showing that the bankruptcy court abused its discretion by imposing sanctions in the amount of $2012.50 against Sweeney. See In re Marsch, 36 F.3d at 829.
 
 
 9
 Finally, Great Western moves for sanctions against Sweeney for filing a frivolous appeal. This court has jurisdiction to impose sanctions for a frivolous appeal, even where the appellant is pro se. 28 U.S.C. Sec. 1912; Fed.R.App. 38; Urgban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992) (per curiam). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). We find that this appeal is frivolous because the result was obvious and the arguments of error are wholly without merit. See id. Accordingly, we grant Great Western's request for sanctions in the amount of $3,800.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sweeney's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Bankr.P. 9023 and 9024 provide that Fed.R.Civ.P. 60(b) apply to cases under the Bankruptcy Code
 
 
 [2]
 Even if Sweeney lacked notice of the order's entry, this would not relieve him of filing his motion within a reasonable time. Cf. Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193 (9th Cir.1990) ("parties must monitor the dockets to inform themselves of the entry of orders they may wish to appeal.")
 
 
 [3]
 Since we hold that the bankruptcy court did not abuse its discretion by determining that Sweeney's Rule 60(b)(3) motion was untimely, we need not address the merits of the motion or the bankruptcy court's annulment of the automatic stay. See Floyd, 929 F.2d at 1400