29 F.3d 516
 Bankr. L. Rep. P 75,984
In re Brian Thomas DELANEY, Debtor,
Brian Thomas DELANEY, Debtor-Appellee,
v.
Danielle ALEXANDER, Creditor-Appellant,
v.
Richard E. BLEAU, United States Trustee, Trustee-Appellee.
 No. 93-16217.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 15, 1994.
 
 Peter J. Kozak, Stephen B. Gorman, Cameron Park, CA, for creditor-appellant.
 Michael S. McManus, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, CA, for appellee.
 Appeal from the United States District Court for the Eastern District of California. Edward J. Garcia, District Judge, Presiding.
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Danielle Alexander, a creditor, appeals from the district court's dismissal of her appeal as untimely from the bankruptcy court's order authorizing the Chapter 7 trustee to abandon certain causes of action in the bankruptcy of debtor Thomas Delaney. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d) and affirm.[1]
 
 
 2
 The timeliness of a notice of appeal is a question of law which we review de novo. In re Kincaid, 917 F.2d 1162, 1164 (9th Cir.1990).
 
 
 3
 A "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." Bank.R. 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick, 13 F.3d 326, 327 (9th Cir.1994); In re Slimick, 928 F.2d 304, 306 (9th Cir.1990); In re Souza, 795 F.2d 855, 857 (9th Cir.1986). "Although rule 8002 ... incorporates some flexibility, we strictly enforce its time provisions." In re Slimick, 928 F.2d at 306.
 
 
 4
 Parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir.1990). Therefore, the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely. See Bankr.R. 9022 ("[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002"); Zurich Ins. Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir.1988).
 
 
 5
 Here, the bankruptcy court's order was signed on December 7, 1992 and entered on December 14, 1992. Thus, Alexander had 10 days from December 14, 1992, the date of entry, in which to file her notice of appeal. See Bank.R. 8002(a). No notice of appeal was filed until January 6, 1993, 13 days after the expiration of the 10-day period.
 
 
 6
 Alexander contends that she did not file her notice of appeal within the 10-day time period because the court clerk did not mail a copy of the order and notice of entry. This argument, however, fails to provide a basis for treating an untimely notice of appeal as timely. See Bankr.R. 9022 (lack of notice of entry of order does not toll time for appeal); In re Sweet, 896 F.2d at 1193 (parties have an affirmative duty to monitor the docket). Alexander also argues that even though she learned of the order on December 21, 1992, three days before the time for appeal lapsed, she was misled by the December 7, 1992 date on the order into believing that the 10-day period had already expired. Alexander, however, failed to check the docket sheet to determine the date of entry.[2] Given these circumstances, the district court correctly concluded that the notice of appeal was untimely. See Bankr.R. 8002 & 9022; In re Sweet, 896 F.2d at 1193.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 It appears from the record that Alexander is pursuing a separate action challenging the bankruptcy court's order denying her motion for an extension of time in which to file her notice of appeal. This order is not before us and is governed by different standards. See Bank.R. 8002(c) (a limited extension of time is permissible if the appellant can demonstrate excusable neglect)
 
 
 [2]
 Alexander contends that even if she had called to inquire as to the date of entry she would have been given an erroneous date, December 7, 1992, as the debtor's counsel allegedly was given. No inquiry, however, was ever made and this contention is mere speculation. Cf. Zurich Ins. Co., 838 F.2d at 340 (excusing untimely filing where clerk failed to give notice and misrepresented to counsel, in response to counsel's inquiry, that order had not been filed)
 
 
 [3]
 On appeal, Alexander also argues that Bankruptcy Rule 9022(a) violates due process. We reject this argument. Alexander had notice of the motion under consideration, an opportunity to respond to the motion, and an obligation to monitor the docket with respect to the entry of any order disposing of that motion. In re Sweet, 896 F.2d at 1193; see also In re Longardner & Assoc., Inc., 855 F.2d 455 (7th Cir.1988) (rejecting due process challenge to Bankruptcy Rule 9022). Because Alexander failed to monitor the docket, any speculation as to what information would have been obtained from such an inquiry is irrelevant
 Moreover, even if Alexander had been diligent about monitoring the docket and the court had affirmatively misled her as to the date of entry--neither of which occurred--Alexander's due process interests would be adequately protected by the "unique circumstances" doctrine. See In re Mouradick, 13 F.3d at 329.