40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Nancy Elaine YBARRA, Debtor.
Nancy Elaine YBARRA, Appellant,
v.
ROCKWELL INTERNATIONAL; Donald W. Henry, Trustee, Appellees.
 No. 94-55487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Nancy Elaine Ybarra appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision, dismissing her appeal as untimely. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and affirm.
 
 
 3
 "The timeliness of a notice of appeal is a question of law which we review de novo." Delaney v. Alexander (In re Delaney), 29 F.3d 516, 516 (9th Cir.1994). A "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." Bank.R. 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Delaney, 29 F.3d at 518 (quotation omitted).
 
 
 4
 Here, the bankruptcy court's compromise order was entered on November 12, 1993. Ybarra had 10 days from that date in which to file her notice of appeal. See Bank.R. 8002(a); see also Bank.R. 9006(a) (if time period greater than 8 days, intermediate Sundays, Saturdays, and legal holidays are counted). Ybarra did not file her appeal until November 26, 1993, 14 days after the order was entered. Accordingly, the BAP did not err by dismissing her appeal for lack of jurisdiction.[1] See In re Delaney, 29 F.3d at 518.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Appellee's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On November 24, 1993, Ybarra filed a motion for reconsideration. Because Ybarra filed this motion more than 10 days after entry of the bankruptcy court's order, the motion did not toll the time within which Ybarra could appeal. See Fed.R.Civ.P. 59(e) & 60(b); Juanarena v. Nicholson (In re Nicholson), 779 F.2d 514, 515 (9th Cir.1985). The BAP also properly found that Ybarra's notice of appeal did not give it jurisdiction over the motion to reconsider because there was no indication that the bankruptcy court had ruled on the motion