In re D.W.G.K. RESTAURANTS, INC., DBA Jimmy's Family of Fine Restaurants, et al., Debtors. (Five Cases.)

·Peter G. THEODORE, aka Peter Kaye; Mary Kaye; Jimmy's Family of Fine Restaurants, Inc.; Kaye and Walters Corp.; Jimmy's Family of Fine Restaurants, Too, a Joint Venture, Appellants,

v.

James DAGLAS; Debbie Daglas; James Walters; Rebecca Walters; Demetrius Gatsis, Appellees.

Peter G. THEODORE, aka Peter Kaye; Mary Kaye; Jimmy's Family of Fine Restaurants, Inc.; Kaye and Walters Corp.; Jimmy's Family of Fine Restaurants, Too, a Joint Venture, Appellants,

v.

D.W.G.K. RESTAURANTS, INC; James Daglas; Debbie Daglas; James Walters; Rebecca Walters; Demetrius Gatsis, Appellees. (Four Cases.)

Nos. 92–56350, 92–56513, 92–56517, 92–56518 and 92–56521.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1994.

Decided Dec. 14, 1994.

Robert L. Rentto, San Diego, CA, for appellants.

William A. Smelko, Schall, Boudrea & Gore, San Diego, CA, for appellees.

Before: WALLACE, Chief Judge, and FARRIS and KLEINFELD, Circuit Judges.

**KLEINFELD, Circuit Judge:**

We dismiss these appeals on jurisdictional grounds. The notices of appeal were filed too late.

## FACTS

D.W.G.K. Restaurants filed for bankruptcy. As part of the chapter 11 proceedings, the bankruptcy estate brought an adversary proceeding against Peter Theodore (also known as Peter Kaye), Mary Kaye, and some companies they controlled. The Kayes lost. The bankruptcy court confirmed a chapter 11 plan to which they objected. The Kayes timely appealed the confirmation order to the district court.

The bankruptcy court clerk was extremely slow in transmitting the records to the district court so that it could proceed with the appeal. The Kayes had never obtained a stay of the bankruptcy court orders. By the time the clerk had sent the records up, the actions required by the reorganization plan had been substantially completed. The district court therefore dismissed the Kaye appeals as moot.

The orders dismissing the appeals as moot were entered June 16 and 17. On July 6, the Kayes filed motions for rehearing as to these orders. On September 8, the district court held a hearing in connection with the motions for rehearing. The district court entered orders between September 29 and October 9, denying the motions for rehearing. The Kayes filed notices of appeal to this court on October 29, 1992.

## ANALYSIS

■ The Kayes' appeals were not filed within 30 days of the June orders, so if the June orders were the end of the matter, the appeal would plainly be untimely. Fed. R.App.P. 4(a)(1). In a bankruptcy case, however, where a party files a timely motion for rehearing, the time for appeal of a district court order to the court of appeals runs from entry of the order denying rehearing. Fed. R.App.P. 6(b)(2)(i); Fed.R.Bankr.P. 8015. Federal Rule of Bankruptcy Procedure 8015 provides:

Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

■ The notices of appeal were filed within 30 days of the denials of the motions for rehearing. But that does not save the appeals. The reason is that the motions for rehearing were not timely. The rule says, "If a *timely* motion for rehearing is filed...."

The time period in Bankruptcy Rule 8015 is ten days. These motions for rehearing were filed long after that period had run out. There is nothing in the local rules of the Southern District or in any court order in the record which extends the time. The "unless" clause of the rule therefore has no application, and the ten day limit controls. *See In re Eichelberger*, 943 F.2d 536, 540–41 (5th Cir.1991).

■ The Kayes attempt to deal with this problem in their reply brief:

[S]ubstantial confusion arose from the service of the initial order on these appeals from the District Court. In response to that, we were advised by the District Court that our Motion for Reconsideration would be timely if filed by July 6, 1991. A copy of our telephone note to that effect is attached.... Our date for filing our motion was established by the District Court as July 6, 1993, which is the date it was filed.

The telephone note is on a "while you were out" slip. Here is what it says:

To Ron

From Amy

Of Judge Enright

extra week 7/6 due date DWGK Rest Appeals

This will not do. The rule says that the ten day period controls, unless there is a

local rule or court order to the contrary. The telephone note was neither. A lawyer who had been advised by someone on a judge's staff that an extension would be granted could convert the advice into an order by submitting a motion and form of order for the judge's signature. That was not done.

The district court's proceeding on the merits of the motion for rehearing could be argued to be an implicit granting of an order extending the time for filing the motions for rehearing. We conclude, however, that it would be inappropriate to do so. Although the estate had argued untimeliness in its memorandum, and the Kayes had submitted their telephone note in rebuttal, the judge never spoke about the timeliness issue at the hearing. He might not have been thinking about it. If the Kayes had wanted an oral order granting a motion for extension nunc pro tunc, they could have asked for one at the hearing. That would have directed the judge's attention to the issue. The judge could then have decided how to exercise his discretion. As the record stands, the district court never issued an order granting the extension, either at the time, or subsequently, nunc pro tunc.

■ We accept, for purposes of discussion, the proposition that someone named Amy in Judge Enright's chambers advised the Kayes' lawyer's office by telephone that the extension would be acceptable to the judge. The assurance had to be converted into an order for the rule to extend the appeal date. "[A]mbiguous or implicitly misleading conduct by courts does not release litigants from their appeal deadlines. If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification." *In re Slimick*, 928 F.2d 304, 310 (9th Cir.1990). As mentioned above, that could have been done by a written motion and lodged form of order, or by asking the judge to order the extension nunc pro tunc on the record, during the subsequent hearing. Without an order, the Kayes did not have what they needed under the rule, and we and the bankruptcy estate do not have what we need for certainty on jurisdiction.

APPEALS DISMISSED.