56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re PACIFIC LAND SALES, INC., formerly known as Kenneth S.
Hayashi Corporation, Debtor
Dale J. PARSONS, Jr.; Virginia Parsons; Blue Wave
Broadcasting, Inc., a Hawaii corporation, Appellants,
v.
Gary A. PLOTKIN, Chap. 7 Trustee, Appellee.
 No. 94-56140.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale J. Parsons Jr. and Virginia Parsons and Blue Wave Broadcasting Inc. (collectively "Parsons") appeal the Bankruptcy Appellate Panel's ("BAP") decision, dismissing their appeal from the bankruptcy court order as untimely. The Parsons contend that the BAP erred by dismissing their appeal because the judgment of the bankruptcy court was not final and because unique circumstances and excusable neglect justified the untimeliness of their notice of appeal. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 The timeliness of a notice of appeal is a question of law which we review de novo. Delaney v. Alexander (In re Delany), 29 F.3d 516, 516 (9th Cir. 1994).
 
 
 4
 A "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." Anderson v. Kalashian (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994); Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir. 1990).
 
 
 5
 First, the Parsons' contention that their notice of appeal was premature rather than late because there was no final judgment entered lacks merit. Even if the Trustee's outstanding claim for costs could be characterized as a claim for attorneys fees, such a claim was collateral to the main action and therefore did not effect the finality of the judgment. See Budinich v. Becton, Dickinson & Co., 486 U.S. 196, 201-02 (1988) (unresolved attorney's fee issue does not prevent judgment for being final under 28 U.S.C. Sec. 1291); International Assoc., of Bridge Structural, Ornamental and Reinforcing Ironworkers' Local 75, 733 F.2d 656, 659 (9th Cir. 1984) ("[A] judgment on the merits is final and appealable even though a request for attorneys fees is unresolved.").
 
 
 6
 Second, even if the bankruptcy court's order was conditioned on FCC approval, it was nevertheless a final order for purposes of appellate jurisdiction because it contained a full adjudication of the issues presented before the bankruptcy court. See In re Slimick, 928 F.2d at 307 (a disposition is a "final order" if "it contains a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter) (quoting United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 234 (1958)); In re Kirk Merkely, 94 FCC 2d 829, 838 (1983) (role of the courts of competent jurisdiction to adjudicate the ownership and contractual rights of parties, based upon appropriate non-Commisison law, and for the Commission then to decide whether the grant of the application resulting from that determination would be in the public interest).
 
 
 7
 The Parsons' contention that excusable neglect and unique circumstances justified their late filing lacks merit.
 
 
 8
 Under Bankruptcy Rule 8002(c), during the 20 days following the 10-day appeals period, a party may request an extension of time for filing a notice of appeal upon a showing of excusable neglect. See Fed. R. Bankr. P. 8002(c); In re Mouradick, 13 F.3d at 327-28; In re Slimick, 928 F.2d at 306. "Although rule 8002 ... incorporates some flexibility, we strictly enforce its time provisions." In re Slimick, 928 F.2d at 306.
 
 
 9
 Here, the Parsons failed to request an extension within 20 days of the bankruptcy court's order and failed to offer any explanation for their failure to do so. Moreover, even if we were to construe the Parsons untimely notice of appeal as a request for an extension of time pursuant to Rule 8002(c), the Parsons failed to establish excusable neglect for their untimely filing.
 
 
 10
 The Supreme Court has set out a lenient standard to determine whether excusable neglect exists in the context of Bankruptcy Rule 9006(b)(1). Pioneer Investment Servs Co. v. Brunswick Associates Ltd., 113 S. Ct. 1489, 1498 (1993). Thus, under Pioneer the determination of excusable neglect "is at bottom an equitable one; taking into account all relevant circumstances surrounding the party's omission." Id. Nevertheless, while noting that neglect is a flexible concept, the Pioneer Court also explained that "inadvertence, ignorance of the rules, or mistakes construing" the rules do not usually constitute excusable neglect." Id. at 1496 (footnote omitted).
 
 
 11
 We reject the Parsons' contention that excusable neglect justified their late filing because they did not receive proper notice of the entry of judgment. See Fed. R. Bankr. P. 9022 ("Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."); Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193, (9th Cir. 1990) (parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal). The failure of a court clerk to give notice of a judgment is not a ground, by itself, to establish excusable neglect or warrant an extension of time for filing the notice of appeal. See Zurich Ins. Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir. 1988).
 
 
 12
 We also find unpersuasive the Parsons' contention that their attorney's illness constituted excusable neglect. The record before the BAP indicates that despite any alleged illness, the attorney was able to correspond with the Trustee about the case during the period in question. Given these circumstances, we find no abuse of discretion in the BAP's rejection of the Parsons' contention that excusable neglect justified the untimely filing. See Pioneer Investment Servs., 113 S. Ct. at 1498.
 
 
 13
 Finally, the Parsons have failed to set forth any circumstances that would entitle them to relief under the unique circumstances doctrine. See In re Mouradick, 13 F.3d at 329 ("unique circumstances" doctrine requires affirmative assurance by the court that appeal will be timely).
 
 
 14
 Trustee Plotkin requests that we sanction the Parsons for filing a frivolous appeal. Because the result of this appeal was not obvious and the arguments of error were not wholly without merit, see Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir. 1988), we decline to award sanctions against the Parsons.[1]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We deny the Parsons and Trustee Plotkin's requests for judicial notice