**In re Paul Henry HORSTMANN, SSN 548–42–2433, and Bertha Beatrice Horstmann, SSN 525–44–8771, Debtors.**

**DONA ANA SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Paul Henry HORSTMANN and Bertha Beatrice Horstmann, Defendants.**

**SUNWEST BANK OF LAS CRUCES, N.A., Plaintiff in Intervention,**

v.

**DONA ANA SAVINGS AND LOAN ASSOCIATION, Paul Henry Horstmann and Bertha Beatrice Horstmann, and Harley Swink, Trustee.**

No. 7–85–01786.
Civil No. 93–1375 JB/LFG.

United States District Court,
D. New Mexico.

Oct. 10, 1995.

---

Paul Henry Horstmann, Pro Se.

Bertha Beatrice Horstmann, Pro Se.

John R. Funk, Miller, Stratvert, Torgerson & Schlenker, Las Cruces, NM, for Dona Ana Savings and Loan Association.

Kevin T. Reidel, Modrall, Sperling, Roehl, Harris & Sisk, Las Cruces, NM, for Sunwest Bank of Las Cruces.

John D. Phillips, Montgomery & Andrews, Albuquerque, NM, Pro Se.

### ORDER GRANTING MOTION TO RECONSIDER AND AFFIRMING DISMISSAL OF APPEAL

BRIMMER, District Judge.

This matter came before the Court on the Horstmanns' motion to reconsider the Court's September 1, 1995 order dismissing their appeal. The Court has reviewed the file, and is fully aware of the bases for and against the Horstmanns' motion. The Court therefore FINDS and ORDERS as follows:

#### *Background*

This motion to reconsider arises out of the bankruptcy of the appellants, Paul Henry Horstmann and Bertha Beatrice Horstmann. The Horstmanns challenge two related orders issued by the Honorable Richard L. Bohanon, United States Bankruptcy Judge for the District of New Mexico. Judge Bohanon issued the first order on December 23, 1992; in that order, he granted Ticor Title Insurance's motion to release certain funds that had been improperly included in the Horstmann estate. After this ruling, the Horstmanns filed seven motions to reconsider, each of which asked the Bankruptcy Court to overrule its December 23, 1992 order. Judge Bohanon issued the second order from which the Horstmanns appealed on November 10, 1993; in this order, Judge Bohanon denied the Horstmanns' seventh motion to reconsider his December 23, 1992 order, and enjoined the Horstmanns from filing additional motions to reconsider.

Twelve days later, on November 22, 1993, the Horstmanns filed their notice of appeal. In their appeal, the Horstmanns asked this Court to reverse Judge Bohanon's December 23, 1992 and November 10, 1993 orders.

On October 6, 1994, appellee Sunwest Bank filed its motion to dismiss the Horstmanns' appeal. Ticor Title Insurance joined Sunwest's motion on October 12, 1994. In its motion, Sunwest argued that this Court did not have jurisdiction to consider the Horstmanns' appeal because their notice of appeal was untimely.

On September 1, 1995, this Court issued an order dismissing the Horstmanns' appeal as untimely. The Horstmanns now ask the Court to reconsider its September 1, 1995 order.

#### *Analysis*

**A. The Horstmanns' November 22, 1993 Notice of Appeal Was Timely.**

 Bankruptcy Rule 8002(a) requires would-be appellants to file notices of appeal within ten days of the entry of the order from which they appeal. Bankruptcy Rule 9006(a) sets forth the rules for computing time under the Bankruptcy Rules. Unlike Federal Rule of Civil Procedure 6(a), which does not count weekends and holidays for time periods under eleven days, under the Bankruptcy Rules, those days are only left out in periods of less than eight days. Bankr.R. 9006(a). Thus, under the Bankruptcy Rules, ten days usually means ten days.

 Ten days are not ten days, however, when the tenth day falls on a Saturday, Sunday, or legal holiday. If the tenth day falls on one of these days, the time for filing is not shortened, but instead is lengthened. Thus, the filing is due on the next day that court (i.e., the clerk's office) is open. Bank.R. 9006(a).

 In this case, the Bankruptcy Court entered—on November 10, 1993—an order denying the Horstmann's seventh motion to reconsider and enjoining the Horstmanns from filing any additional motions to reconsider. In its order, the court also observed, correctly, that because the Horstmanns had transferred the property at issue to their son

on November 7, 1984,[1] they had no legal interest in the property when they filed their Chapter 11 petition over one year later. Since the Horstmanns had no legal interest in the property at the time of filing, the property did not and could not become part of the Horstmanns' Chapter 11 bankruptcy estate.

Neither creditors nor claimants need file a proof of claim to retain their interest in, or foreclose on, property that is not part of the bankruptcy estate. Therefore, because the Missouri Street property was never part of the estate, the Horstmanns' creditors did not need to file proofs of claim to maintain liens on, or interests in, that particular property (or its proceeds). However, in recounting these facts yet again, the Court digresses.

■ The important point for purposes of this motion is that the Bankruptcy Court entered its last reconsideration order on November 10, 1993. Thus, Bankruptcy Rule 8002(a) required the Horstmanns to file their notice of appeal ten days later. In calendar year 1993, "ten days later" (November 20, 1993) fell on a Saturday. The Horstmanns, therefore, had until Monday, November 22, 1993 to file their notice of appeal. Because the Horstmanns filed their notice of appeal on that day, this particular notice of appeal was timely.

In light of this fact, the Court overrules its earlier order only to the extent that it states the Horstmanns' appeal of the November 10, 1993 order was untimely because they filed it on November 22, 1993. Despite this fact, the Court affirms its earlier ruling that it lacks jurisdiction over the Horstmanns' appeal.

### B. The Horstmanns' November 22, 1993 Notice of Appeal Did Not Confer Jurisdiction on this Court Because the Appeal Period Had Already Lapsed.

■ Although a party has only ten days to appeal a bankruptcy court's final order, Bankr.R. 8002(a), the ten day appeal period can be tolled (i.e., effectively extended) if the party files—within the ten day appeal period—a motion to alter, amend, or overrule the judgment. Bankr.R. 8002(b). If the party fails to file either a notice of appeal or a motion to reconsider within the ten day appeal period, the appeal period lapses. Because the notice of appeal provisions in Bankruptcy Rule 8002 are jurisdictional, "the untimely filing of a notice of appeal [or motion to reconsider] deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir.1994); *see also, In re Delaney*, 29 F.3d 516, 518 (9th Cir.1994) (appellant has only ten days to appeal even where appellant did not receive challenged order); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311–312 (3d Cir.1985) (Rule 8002(a) should be strictly construed; district court lacks jurisdiction to consider appeal filed beyond ten day limit).

■ Here, the Bankruptcy Court entered the order from which the Horstmanns appeal on December 23, 1992. The Horstmanns' filed their first motion to reconsider within ten days of that order (i.e., on December 31, 1992). Therefore, under Bankruptcy Rule 8002, their first motion was timely and it preserved appellate jurisdiction.

The Bankruptcy Court denied the Horstmanns' December 31, 1992 motion on February 26, 1993. Thus, under Bankruptcy Rule 8002, the ten day appeal period began to run again on (Friday) February 26, 1993. The ten day appeal period expired on (Monday) March 8, 1993. Therefore after March 8, 1993, this Court had no jurisdiction to consider appeals from the Bankruptcy Court's December 23, 1992 order.

The Horstmanns did not file another motion to reconsider until March 24, 1993. The Horstmanns, therefore, filed their motion sixteen days after the appeals period had forever expired. Neither the Horstmanns' March 24, 1993 motion nor any of their later mo-

---

1. A New Mexico state court fully adjudicated this issue and found that the Horstmanns did not hold any legal interest in the house at 3208 Missouri, Las Cruces, New Mexico. Because the Horstmanns failed to perfect an appeal to the New Mexico appeals court, the Bankruptcy Court properly gave full faith and credit (i.e., enforced and relied on) to the state court judgment. *See Marrese v. American Acad. of Ortho. Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

 

tions can change the fact that the appeals period had expired and this Court has no jurisdiction to consider an appeal. Nothing that the Horstmanns filed after March 8, 1993 (the appeal deadline) cured this jurisdictional defect.[2]

■ Finally, the Court notes that the only issue the Horstmanns could properly appeal in their November 22, 1993 notice of appeal was that portion of the Bankruptcy Court's order which enjoined the Horstmanns from filing an eighth motion to reconsider.[3] However, in their November 22, 1993 notice of appeal, the Horstmanns attempted to appeal the Bankruptcy Court's December 23, 1992 order. As of November 22, 1993, the appeal period for the December 23, 1992 order had lapsed (many times). Because the appeal period for that order has lapsed, the Bankruptcy Court's December 23, 1992 order is a final, non-appealable order.

### Conclusion

It is time for the Horstmanns to accept three facts and conclusions of law that will not change: (1) a New Mexico state court has fully and finally adjudicated the Horstmanns' contention that they owned the Missouri Street property and has entered a judgment stating that the Horstmanns have no legally cognizable interest in the property; (2) at the time the Horstmanns filed their Chapter 11 petition, they had no legal interest in the Missouri Street property and it did not become part of their bankruptcy estate; and (3) none of the Horstmanns' creditors needed to file proofs of claim with the bankruptcy court to preserve their legal interests in property that did not belong to the Horstmanns' estate.

The Court therefore **ORDERS** that the Horstmanns' motion to reconsider is granted, and after reconsideration, affirms its September 1, 1995 order dismissing the Horstmanns' appeal because this Court does not have jurisdiction to review the Bankruptcy Court's December 23, 1992 order.

**2.** This fundamental defect aside, the Court also notes that the Bankruptcy Court denied the Horstmanns' untimely March 24 motion to reconsider on April 7, 1993. Even if this Court's appellate jurisdiction had not already lapsed (it had), the Horstmanns failed to file their next motion to reconsider within the ten day appeals period (they filed their next motion thirteen days later, on April 20, 1993). As the Bankruptcy Court continued to deny their motions to reconsider, the Horstmanns continued to file—more than ten days after entry of the previous order—additional motions to reconsider. Even if this

Court's appellate jurisdiction had not already lapsed, it would have lapsed each and every time the Horstmanns failed to file another motion to reconsider within the ten day appeal period following entry of the last order denying their previous motion to reconsider.

**3.** The Court notes, though the issue is moot, that it would have affirmed the Bankruptcy Court's discretionary and proper decision to enjoin the Horstmanns from filing additional vexatious and duplicative motions to reconsider.