110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Danny GUNSALLUS, dba Mountain View Plastering, Debtor.
HENRY PRODUCTS INCORPORATED, an Arizona corporation, for
itself and on behalf of Danny Gunsallus dba
Mountain View Plastering, Plaintiff-Appellant
v.
TY-DE DEVELOPMENT, INCORPORATED, a Nevada corporation,
Defendant-Appellee.
 No. 96-15158.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1997.*
Decided March 24, 1997.
 
 1
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Henry Products, Inc. appeals the district court's judgment dismissing its appeal of a bankruptcy court order granting partial summary judgment in favor of Ty-De Development, Inc. The district court dismissed the appeal because HPI had failed to file a timely notice of appeal from the bankruptcy court's order. HPI argues that unique circumstances or excusable neglect, or both, relieved it of the obligation to file a timely notice of appeal. We affirm.
 
 
 4
 HPI has failed to establish unique circumstances justifying the late filing of its notice of appeal. Those circumstances will be found to exist only when the court whose decision is on appeal affirmatively assured a party that its notice of appeal would be considered timely. See Theodore v. Daglas (In re D.W.G.K. Restaurants, Inc.), 42 F.3d 568, 570 (9th Cir.1994); Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 329 (9th Cir.1994); Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir.1992); Slimick v. Silva (In re Slimick), 928 F.2d 304, 309-10 (9th Cir.1990). HPI received no such assurance from the bankruptcy court. Furthermore, it received none from the district court. To the extent that the situation was ambiguous, HPI had the burden of obtaining clarification. See Slimick, 928 F.2d at 310. Unique circumstances do not justify its late filing of the notice of appeal.
 
 
 5
 HPI has also failed to show that it can use the excusable neglect doctrine to justify its late filing of the notice of appeal. Ordinarily, lack of "notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely." Delaney v. Alexander (In re Delaney), 29 F.3d 516, 518 (9th Cir.1994) (per curiam). "Parties have an affirmative duty to 'monitor the dockets to inform themselves of the entry of orders they may wish to appeal.' " Id. (quoting Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193 (9th Cir.1990)). The fact that HPI did not receive notice of entry of the bankruptcy court's order does not excuse its obligation to file a timely notice of appeal, especially because HPI knew that the order had been signed and would be entered.[1]
 
 
 6
 HPI argues that the bankruptcy court went beyond the district court's mandate and that either res judicata or the law of the case doctrine should invalidate the bankruptcy court's decision. However, those arguments should have been raised in a timely appeal, which HPI's appeal to the district court was not.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 HPI also failed to ask the bankruptcy court for an extension of time; that alone is fatal to its excusable neglect claim. See United States v. Angelone, 894 F.2d 1129, 1131 (9th Cir.1990); see also Malone v. Avenenti, 850 F.2d 569, 571-72 (9th Cir.1988). Moreover, its claim that it had three extra days to file is meritless because the time ran from the date of entry of judgment rather than from the date of service of a notice. Cf. Fed.R.Bankr.P. 9006(f)