**In re: Cathryn REIFF, Debtor.**

**Cathryn Reiff, Appellant,**

v.

**R. Todd Neilson, Trustee; John Morse, Appellees.**

No. 00–56740.
BAP No. CC–00–01450–PMaMo.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided April 16, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

### MEMORANDUM **

Appellant-debtor Cathryn Reiff challenges an order of the bankruptcy court. The order allocated separate property assets to pay administrative claims, classified claims as either community property or separate property claims, authorized payments to some creditors (including Appellant's ex-husband pursuant to a court-approved settlement), and authorized payment of a tax lien to the IRS. The bankruptcy appellate panel dismissed the appeal, citing Appellant-debtor's lack of

---

* The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

standing to contest that order. This timely appeal followed.

We review for clear error decisions on standing in a bankruptcy case. *Duckor Spradling & Metzger v. Baum (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999). If no factual finding was made below as to a debtor's insolvency, we may determine the issue if all the relevant facts and evidence are available. *McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668, 670 (9th Cir.1998).

Because bankruptcy cases tend to implicate the interests of many, we have developed a prudential standing requirement in such cases called the "person aggrieved" test. *P.R.T.C.*, 177 F.3d at 777. Stated simply, only "person[s] aggrieved" by an order may challenge it. *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir.1983). "An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." *P.R.T.C.*, 177 F.3d at 777 (quoting *Fondiller*, 707 F.2d at 442).

Generally, if a debtor is "hopelessly insolvent," that debtor lacks standing to challenge orders that affect the size of the estate. *Fondiller*, 707 F.2d at 442; *see also P.R.T.C.*, 177 F.3d at 778 n. 2 ("Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy."). Because there likely will be no residual estate in such a circumstance, such an order does not diminish the debtor's property, in-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

crease the debtor's burdens, or affect detrimentally the debtor's rights.

Appellant is hopelessly insolvent. The estate is uncontestedly valued at around $2.5 million. Liabilities total $4.196 million, $3.15 million of which is a settlement award to Appellant's ex-husband (the Morse Settlement). The amount of the Morse Settlement is not before us. On April 19, 2000, the bankruptcy court entered a judgment approving the Morse Settlement. Appellant did not appeal that judgment. Because Appellant did not appeal the Morse Settlement, the amount due Morse under that agreement is, for purposes of this proceeding, final and unreviewable. *See Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir. 1994) (per curiam) (stating that the provisions for timely filing of an appeal under Fed. R. Bankr.P. 8002 are jurisdictional). Moreover, because the contested order does not increase or affect in any way the total amount of debt faced by Appellant-debtor, it does not increase her burdens or affect detrimentally her rights.

Finally, Appellant contends that a failure to review the Dividend Order would offend her right to due process. Procedural due process rights apply only to deprivations of life, liberty, or property. *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 373 (9th Cir.1999) (en banc). The Dividend Order does not affect Appellant's life, liberty, or property.[1] That is because the claims it pays already have been allowed against the estate by prior orders. Because there will be no surplus after creditors are satisfied, Appellant has no residual estate to protect. Therefore, no

protected interest is affected and her due process rights are not violated.

AFFIRMED.

---

1. The fact that Appellant failed to challenge the Morse Settlement approval does not violate due process. *Mitchell v. Burt Vetterlein & Bushnell PC (In re Stein)*, 197 F.3d 421, 426–27 n. 11 (9th Cir.1999).