MEMORANDUM **
Linda and Jan Koncicky appeal pro se from the district court’s June 1, 2004 order denying their motion to reinstate their appeal from the bankruptcy court’s order, which the district court had previously dismissed as untimely. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo, see Delaney v. Alexander (In re Delaney), 29 F.3d 516, 517 (9th Cir.1994) (per curiam), and we affirm.
The bankruptcy court entered its order awarding attorney fees and costs to Trustee John S. Peterson on February 9, 2004. The Koncickys did not file their notice of appeal until February 22, 2004. The district court therefore dismissed their appeal as untimely. See Fed. R. Bankr.P. 8002(a) (establishing ten day period to file a notice of appeal from entry of bankruptcy court order); Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994) (“The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order.”).
The district court properly denied Kon-cickys’ “motion to reinstate” because they *136 failed to show that the district court’s earlier ruling was in error. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir.1993) (“Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.”).
The district court also properly refused to consider the arguments in the Koncick-ys’ motion to reinstate regarding their eviction and the sale of their home, because these issues are unrelated to the district court’s earlier dismissal of their appeal as untimely.
The Koncickys’ remaining contentions are without merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.