MEMORANDUM **
Frank R. Aello appeals pro se from the district court’s order denying his motion to reconsider its order dismissing his bankruptcy appeal for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 158(d). “The timeliness of a notice of appeal is a question of law which we review de novo.” Delaney v. Alexander (In re Delaney), 29 F.3d 516, 517 (9th Cir. 1994) (per curiam). The denial of a motion for reconsideration is reviewed for an abuse of discretion. Arrow Electronics, Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir.2000). We affirm.
It is undisputed that Aello failed to file a notice of appeal within the 10-day period mandated by Fed. R. Bankr.P. 8002(a). This requirement is strictly construed. See Greene v. United States (In re Souza), 795 F.2d 855, 857 (9th Cir.1986). The district court did not abuse its discretion in denying Aello’s motion for reconsideration because Aello did not file any document that could be construed as a proper or timely motion for an extension of time to file the notice of appeal. See Fed. R. Bankr.P. 8002(c)(2) (“A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of *604 the time for filing a notice of appeal may be granted upon a showing of excusable neglect.”).
Aiello’s remaining contentions lack merit.
AFFIRMED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.