
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  JAMES KARIM MUHAMMAD, AKA James Conway,<br><br>    Debtor.<br>_____<br><br>JAMES KARIM MUHAMMAD,<br><br>    Appellant,<br><br>    v.<br><br>NORTH RICHMOND SENIOR HOUSING, INC.,<br><br>    Appellee. | No. 15-60036<br><br>BAP No. 15-1103<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Pappas Bankruptcy Judges, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

James Karim Muhammad appeals pro se from an order of the Bankruptcy Appellate Panel ("BAP") dismissing his bankruptcy appeal as untimely. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. *Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 517 (9th Cir. 1994). We affirm.

The BAP correctly dismissed Muhammad's appeal because Muhammad failed to file the notice of appeal with the bankruptcy clerk within 14 days of entry of the order being appealed as required by Fed. R. Bankr. P. 8002(a)(1). *See* 11 U.S.C. § 158(c)(2) (an appeal to the BAP or district court from a bankruptcy court must be taken within the time provided by Fed. R. Bankr. P. 8002); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional . . . ."); *see also Ramsey v. Ramsey (In re Ramsey)*, 612 F.2d 1220, 1223 (9th Cir. 1980) (declining to adopt a "mailbox rule" for Rule 8002(a) appeals).

Muhammad's pending motions are denied as moot.

**AFFIRMED.**