NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ROBERT FRANKLIN VAN ZANDT, <br><br> Debtor. <br> _____ <br><br> RONALD SPENCER MAZZAFERRO, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WILLIAM PARISI; et al., <br><br> Defendants-Appellees. | No. 15-15526 <br><br> D.C. No. 4:14-cv-03711-CW <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted March 8, 2017<sup>**</sup>

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Ronald Spencer Mazzaferro appeals pro se from the district court's order

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, appellant's request for oral argument, set forth in his motion to consolidate, is denied.

affirming the bankruptcy court's order entering a pre-filing order against Mazzaferro and the district court's order denying Mazzafaerro's motion to vacate. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standard of review applied by the district court. *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). We affirm.

We lack jurisdiction over the district court's order affirming the bankruptcy court's order because Mazzaferro filed his notice of appeal more than thirty days after entry of the order. *See* Fed. R. App. P. 6(b). Mazzaferro's untimely motion to vacate filed under Fed. R. Civ. P. 60(b) did not extend the appeal period. *See* Fed. R. App. P. 4(a)(1), 6(b)(1) (notice of appeal from district court decision must be filed within 30 days; Fed. R. App. P. 4(a)(4) does not apply in appeals governed by Fed. R. App. P. 6); Fed. R. Bankr. P. 8022 (motion for rehearing must be filed within 14 days to toll appeal period); *see also Theodore v. Daglas (In re D.W.G.K. Restaurants, Inc.)*, 42 F.3d 568, 569 (9th Cir. 1994) (dismissing bankruptcy appeal because untimely motion for rehearing did not extend period to appeal district court's final order).

Though the notice of appeal was timely as to the district court's order denying Mazzaferro's motion to vacate, Mazzaferro does not address the order in his opening brief. As a result, he has waived any challenges to the order. *See*

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

Mazzaferro's motion to consolidate (Docket Entry No. 28) is denied.

**AFFIRMED.**

15-15526