**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANTHONY VANDERPLOEG,<br><br>             Debtor.<br><hr>JACQUES POWERS,<br><br>             Appellant,<br><br>  v.<br><br>ANTHONY VANDERPLOEG,<br><br>             Appellee. | No. 15-55939<br><br>D.C. No. 5:15-cv-00026-PA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Jacques Powers appeals pro se from the district court's order affirming the

bankruptcy court's order denying Powers's motion to reopen his dismissed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

adversary proceeding.  We have jurisdiction under 28 U.S.C. § 158(d).  We review de novo the decision of the bankruptcy court without deference to the district court's decision.  *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008).  We affirm.

The bankruptcy court did not abuse its discretion by denying Powers's motion to vacate its order dismissing the adversary proceeding because Powers failed to identify any grounds for relief.  *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable to bankruptcy cases); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) (setting forth standard of review).

Because Powers's notice of appeal in the bankruptcy court was not timely as to the bankruptcy court's order dismissing the adversary proceeding, we do not consider Powers's challenges to that order.  *See* Fed. R. Bankr. P. 8002(b) (Fed. R. Civ. P. 60(b) motion tolls appeal period only if filed within 14 days of judgment, order or decree); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) (provisions of Fed. R. Bankr. P. 8002 are jurisdictional); *see also Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir. 1994) (parties have an affirmative duty to monitor the docket).  We also do not consider Powers's arguments related to the merits of his underlying claims.

**AFFIRMED.**

15-55939